UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ X
Olena Khamis, individually and on behalf of all others     Civil Action No.:
similarly situated;

                             Plaintiff,        **CLASS ACTION COMPLAINT**

          vs.                            DEMAND FOR JURY TRIAL

Enhanced Recovery Company, LLC,

                            Defendant.
_____X

       Plaintiff Olena Khamis (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorney, Caelyn T. Canace against Enhanced Recovery Company, LLC, (hereinafter Defendant ERC), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").
2. Plaintiff is seeking damages and declaratory relief.

## JURISDICTION AND VENUE

3. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).
4. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.
5. At all relevant times, Defendant ERC conducted business within the State of New York.
6. Venue is also proper in this district under 28 U.S.C. §1391(b)(2) in that the Plaintiff resides in Kings County.

## PARTIES

7. Plaintiff Olena Khamis is an individual who is a citizen of the State of New York residing in Kings County, New York.
8. Plaintiff is a natural person allegedly obligated to pay a debt.
9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).
10. On information and belief, Defendant Enhanced Recovery Company, LLC, is a Florida Limited Liability Company with a principal place of business in Duval County, Florida.
11. Defendant ERC regularly collects or attempts to collect debts asserted to be owed to others.
12. Defendant ERC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.
13. The principal purpose of Defendant's business is the collection of such debts.
14. Defendant ERC uses the mails in its debt collection business.
15. Defendant ERC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

16. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a).
17. At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices" 15 U.S.C. §§1692(b) & (c).
18. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.
19. To determine if an act or omission has violated the FDCPA, the Second Circuit applies the

"least sophisticated consumer" standard. *Avila v. Reixinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016).

20. The least sophisticated consumer is an objective standard designed to protect "consumers, even the naive and the trusting, against deceptive debt collection practices." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993)).

1. Ultimately, whether a communication violates the FDCPA depends upon "whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 216 (E.D.N.Y. 2009)

2. As such, to satisfy 15 U.S.C. §1692g, a communication from a debt collector must provide the consumer with "a written notice containing . . . the amount of the debt." And under 15 U.S.C. §1692e, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including of the "character, amount, or legal status of any debt." 15 U.S.C. §1692e(2)(A). These two provisions should be read in harmony with each other. See *Taylor v. Fin. Recovery Servs., Inc.,* 886 F.3d 212, 215 (2d Cir. 2018).

3. Although a collection letter may track the statutory language, "the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion as to cloud the required message with uncertainty." *Russell*, 74 F.3d at 35 ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer – Congress intended that such notice be clearly conveyed.") Put it differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights … violates the Act." *Russell*, 74 F.3d at 34.

4. Also circumstances of the particular debtor in question have no bearing to the questions of whether there has been a violation of the FDCPA. See *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson v. Healthcare Fin. Servs.,* 516 F.3d 85, 91 (2d Cir. 2008). Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

5. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against the debt collector. *Id*.

6. Finally, it is well-established that for purposes of ruling on a FDCPA claim, debt collection letters should be analyzed as a whole. *Campagna v. Client Servs.*, 2019 U.S. Dist. LEXIS 208164, *13, 2019 WL 6498171. See *Dewees v. Legal Servicing, LLC*, 506 F. Supp.2d, 128, 132 (E.D.N.Y 2007); *see also Eger v. Southwest Credit Sys., L.P.*, No. 17-cv-819, 2019 U.S. Dist. LEXIS 62657, 20191574802, *4 (E.D.N.Y. Apr. 11, 2019).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

7. Defendant ERC alleges Plaintiff owes a debt ("the alleged debt").
8. Upon information and belief, the alleged debt is an obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.
9. The alleged debt does not arise from any business enterprise of Plaintiff.
10. The alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).
11. At an exact time known only to Defendant ERC, the alleged debt was assigned or otherwise transferred to Defendant ERC for collection.
12. Upon information and belief, at the time the alleged debt was assigned or otherwise transferred to Defendant ERC for collection, the alleged debt was in default.
13. In its efforts to collect the alleged debt, Defendant ERC contacted Plaintiff by letter ("the letter") dated March 17, 2020. (A true and accurate copy is annexed hereto as **Exhibit A**).
14. The Letter conveyed information regarding the alleged debt currently owed to creditor TD Bank USA, N.A./Target Credit Card.
15. Upon information and belief, Defendant ERC, a debt collector, was contracted by TD Bank USA, N.A./Target Credit Card, the current owner of the alleged debt, to collect the alleged debt which allegedly originated with TD Bank USA, N.A./Target Credit Card.
16. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. The letter was the **initial** written communication Plaintiff received from Defendant ERC concerning the alleged Debt.
18. The letter was received and read by Plaintiff.
19. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant ERC deprived Plaintiff of this right.
20. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant ERC. As set forth herein, Defendant ERC deprived Plaintiff of this right.
21. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FIRST COUNT
### Violations of 15 U.S.C. §§ 1692e *et seq.*

22. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.
23. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.
24. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.
25. Defendant ERC violated §1692e:
    a. Falsely representing the character amount or legal status of the debt in violation of §1692e(2);
    b. By making a false, deceptive and misleading representation in violation of §1692e(10);
    c. Making statement that are open to more than one reasonable interpretation, at least one of which is inaccurate.
26. The letter contains a breakdown of the balance as follows:

| | |
|---|---|
| **Amount of Debt** | **$2,055.91** |
| **Total amount as of charge-off** | **$1,541.86** |
| **Total amount of interest accrued since charge-off** | **$252.05** |
| **Total amount of non-interest charges or fees accrued since charge-off** | **$262.00** |
| **Total amount of payments made on the debt since the charge-off** | **$0.00** |

27. The Letter contains false, deceptive, confusing and misleading breakdown of the balance.
28. An allegation by a debt collector that a consumer owes a debt, leaving unexplained the possibility that additional post charge off "interest" could re-occur and if re-occur at what frequency is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(2).
29. An allegation by a debt collector that a consumer owes a debt, leaving unexplained the possibility that additional "non-interest charges or fees accrued since charge off" could re-occur and if re-occur at what frequency is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(2).
30. An allegation by a debt collector that a consumer owes a debt, without further explanation as to from what source the post charge off "interest" and "non-interest charges and fees" are derived and how those charges were calculated is a **deceptive** representation made in an attempt to collect the debt in violation of 15 U.S.C. §1692e(10).
31. An allegation by a debt collector that a consumer owes a debt, without further explanation as to from what source the post charge off "interest" and "non-interest charges and fees" are derived and how those charges were calculated is a **confusing** representation made in an attempt to collect the debt in violation of 15 U.S.C. §1692e(10).
32. An allegation by a debt collector that a consumer owes a debt, without further explanation as to from what source the post charge off "interest" and "non-interest charges and fees" are derived and how those charges were calculated is a **misleading** representation made in an attempt to collect the debt in violation of 15 U.S.C. §1692e(10).
33. Plaintiff is misled as the letter does not disclaim if the post charge off "interest" and "non-interest charges or fees accrued since charge off" would continue to accrue, thus frustrates Plaintiff's ability to intelligently choose her response.
34. Stating confusing balance amounts is materially misleading to Plaintiff since it is a knowingly false statement.
35. By reason thereof, Defendant ERC is liable to Plaintiff for judgment that Defendant ERC's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692f *et seq.*

36. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.
37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.
38. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.
39. Defendant violated this section by unfairly adding additional interest and fees after charge off when no other charges or fees are allowed by contract or law.
40. Defendant violated this section by failing to state whether interest and fees will continue to accrue.
41. By reason thereof, Defendant ERC is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorney's fees.

## THIRD COUNT
### Violation of 15 U.S.C. §1692g and § 1692g(a)(1)

42. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.
43. 15 U.S.C. §1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.
44. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."
45. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.
46. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.
47. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must convey without ambiguity, from the perspective of the least sophisticated consumer, the

actual amount of the debt.

48. To comply with 15 U.S.C. § 1692g(a)(1), the written notice must accurately include a clear breakdown of the balance owed.

49. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

50. The letter breakdown that the post charge off "interest" and "non-interest charges or fees".

51. The letter did not contain all the requirement of the "G-Notice". Specifically, this letter fails to identify the exact amount of the debt owed.

52. The letter fails to advise Plaintiff as to the basis for the additional post charge off "interest" and "non-interest charges or fees" and, therefore, not properly identifying the amount of debt violates 15 U.S.C. § 1692g(a)(1).

53. If interest and fees continue to accrue during the collection process, the collection letter must explicitly state so. *Avila*, 817 F.3d at 76.

54. In the alternative, if interest and fees are not continuing to accrue post charge-off then the collection letter should state that interest and fees provided are a onetime charge.

55. The letter fails to explain on what interest and fees amount was based on violates 15 U.S.C. § 1692g(a)(1).

56. The least sophisticated consumer would be confused as to how interest and "non-interest charges or fees" amount was calculated and/or based on.

57. The least sophisticated consumer would be confused as to how the interest and fees amount would be calculated if the debt remains unpaid.

58. A collection letter must clearly display the balance owed and the unexplained interest and fees listed on this letter makes it impossible for the least sophisticated consumer to know how much is owed in the future if the debt remains unpaid.

59. Defendant's omission to clarify the material information whether the balance of interest and fees accrued since charge off is static or dynamic overshadowed the Plaintiff's §1692g right to have the proper breakdown of the current balance owed stated in a non-confusing or contradictory manner.

60. Defendant's false statement overshadowed Plaintiff's §1692g right to dispute or validate the debt as she would be confused regarding the correct balance owed.

61. Plaintiff has suffered an informational injury as she was not provided with the information

statutory required to be included in the initial communication letter from Defendant ERC.

62. As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

63. For the foregoing reasons, Defendant violated 15 U.S.C. §1692g; 15 U.S.C. §1692g(a)(1) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

64. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

65. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

66. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

67. The Class consists of more than thirty-five (35) persons.

68. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

69. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

70. Plaintiff will fairly and adequately protect and represent the interests of the Class.

## DEMAND FOR TRIAL BY JURY

71. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Olena Khamis, individually and on behalf of all others similarly situated, demands judgment from Defendant ERC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Caelyn T. Canace, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

5. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  January 28, 2021               **LAW FIRM OF CAELYN T. CANACE**

*/s/ Caelyn T. Canace*
Caelyn T. Canace, Esq.
Office: 1701 Avenue P, Brooklyn, NY 11229
Mail: PO Box 414, Shoreham, NY 11786
Tel.: (646) 455-1011
Fax: (646) 676-4002
canacelawfirm@gmail.com
*Counsel for Plaintiff*